UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| Tuwanna Carmouche, *individually and on behalf of others similarly situated*, | : : : : | Civil Action No.: CLASS ACTION COMPLAINT |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| v. | : : : | |
| A1 Diabetes & Medical Supply, Inc., | : : | |
| Defendant. | : | |

**Nature of this Action**

1. Tuwanna Carmouche ("Plaintiff") brings this class action against A1 Diabetes & Medical Supply, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls using an artificial or prerecorded voice message to telephone numbers assigned to a cellular telephone service without prior express consent, (a) in that Defendant delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers, and (b) in that Defendant delivered artificial or prerecorded voice messages to cellular telephone numbers after having been informed that its calls and messages were directed to wrong or reassigned telephone numbers, or that Defendant should not place calls or deliver messages to the telephone numbers.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C.

1

§ 1692k(d), and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this district, and as a substantial portion of the events giving rise to this action occurred in this district.

## Parties

5. Plaintiff is a natural person who at all relevant times resided in Moreauville, Louisiana.

6. Defendant is an entity located in Memphis, Tennessee.

## Factual Allegations

7. Plaintiff is, and at all relevant times was, the regular and sole user of her cellular telephone number—(318) XXX-6221.

8. Plaintiff put her cellular telephone number on the National Do Not Call Registry on March 13, 2014.

9. Sometime in the past four years Defendant began placing calls and delivering artificial or prerecorded voice messages to Plaintiff's cellular telephone number.

10. On occasions when Plaintiff answered Defendant's calls, Plaintiff informed Defendant that it reached a wrong number, and that it should stop placing calls and delivering messages to her cellular telephone number.

11. For example, on or around April 8, 2021, Plaintiff answered a call from Defendant, informed Defendant that she was not diabetic, informed Defendant that she previously requested on a number of occasions that Defendant stop placing calls to her cellular telephone number, informed Defendant that it reached a wrong number, and instructed Defendant to stop placing calls to her cellular telephone number.

12. In response, Defendant informed Plaintiff that it would call her back at another time, and ultimately terminated the call.

13. On or around May 6, 2021, Plaintiff again answered a call from Defendant, informed Defendant that she was not diabetic, informed Defendant that she previously requested on a number of occasions that Defendant stop placing calls to her cellular telephone number, informed Defendant that it reached a wrong number, and instructed Defendant to stop placing calls to her cellular telephone number.

14. On or around June 14, 2021, Plaintiff once more answered a call from Defendant, informed Defendant that she was not diabetic, informed Defendant that she previously requested on a number of occasions that Defendant stop placing calls to her cellular telephone number, informed Defendant that it reached a wrong number, and instructed Defendant to stop placing calls to her cellular telephone number.

15. And sometime in mid-July 2021, Plaintiff yet again answered a call from Defendant, informed Defendant that she was not diabetic, informed Defendant that she previously requested on a number of occasions that Defendant stop placing calls to her cellular telephone number, informed Defendant that it reached a wrong number, and instructed Defendant to stop placing calls to her cellular telephone number.

16. In response, Defendant informed Plaintiff that it would remove her from Defendant's dialing list.

17. Defendant, however, continued to place calls and deliver artificial or prerecorded voice messages to Plaintiff's cellular telephone.

18. On occasions when Plaintiff did not answer Defendant's calls, Defendant delivered to Plaintiff's cellular telephone voicemail artificial or prerecorded voice messages, at least a dozen of which stated, in full:

> . . . to confirm your shipment. If it is more convenient, you may refill online at A1diabetes.com/refill. Again, please call us at 855-932-0599 to confirm your shipment. Or you may refill online at A1diabetes.com/refill. Thank you.

Click HERE for Link to Recording.

19. Upon placing an outbound call to 855-932-0599, a prerecorded greeting plays that begins: "Welcome to A1 Diabetes and Medical Supply's automated reorder system . . . ."

20. Defendant delivered many of its artificial or prerecorded voice messages to Plaintiff's cellular telephone voicemail after Plaintiff informed Defendant that she was not diabetic, informed Defendant that she previously requested on a number of occasions that Defendant stop placing calls to her cellular telephone number, informed Defendant that it reached a wrong number, and instructed Defendant to stop placing calls to her cellular telephone number.

21. From mid-January 2021 through early March 2021 alone, Defendant delivered nearly 30 artificial or prerecorded voice messages to telephone number (318) XXX-6221.

22. In March 2021, Plaintiff placed a call to Defendant, informed Defendant that she was not diabetic, informed Defendant that she previously requested on a number of occasions that Defendant stop placing calls to her cellular telephone number, informed Defendant that it reached a wrong number, and instructed Defendant to stop placing calls to her cellular telephone number.

23. Defendant, however, continued to place calls and deliver artificial or prerecorded voice messages to Plaintiff's cellular telephone.

24. Plaintiff continues to receive calls and artificial or prerecorded voice messages from Defendant.

25. Plaintiff is not alone in receiving unwanted artificial or prerecorded voice messages from Defendant, even after requesting that Defendant stop placing the calls and delivering the messages in question:

- "I have repeatedly asked to be removed form the robo-call list. I have been told 3 times we have been removed from the list and we are still getting 15 calls a day AT OUR BUSINESS. WHY HAVE THESE PEOPLE NOT BEEN STOPPED?!?!?! If a response of, " There was a glitch " or " your number has been removed " IT IS A LIE. They have said this in SEVERAL other responses to complaints. THESE PEOPLE ARE SCAM ARTISTS in a call center. I was also lied to from a representative about not being in a call center when I could very clearly hear at least 20-30 other people in his office. He had the nerve to tell me he was working from home and it was some sort of "program"  making the noise. STOP CALLING OUR BUSINESS!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!"

- "First I would like to know why my caller ID identifies this company as "NONE" when they call. I don't really know if my deceased husband used this company for his diabetic supplies. I have kept track of the number of calls from A1 supplies since they started to harass me in July of 2020 and I've had 356 calls and that is not counting for when I'm not at home. I've been told over and over they would remove my number and they don't. When they called today I asked to speak to their supervisor, was told by the caller he was the manager then he hung up. Hope you will resolve this. Bonnie S*****"

- "A1 refuses to stop calling my home. My mother's insurance required her to go through their company to get her testing supplies. When she was made to change companies, she told them that she would not order from them again. Daily we get at least 1 call from a man on a recorded line whom I have told repeatedly to take us off his call list. He says he will and in less than 24 hours we get another call. There is also a woman who calls on the days that he doesn't. I have tried emailing them and it bounces back every time. This business is a joke."

- "At one time we received medical supplies from A1 diabetes. Now they harass us with phone calls for over a year. Everyday they call my 81 year old Dads phone. We have told them to stop. They say they will and do not stop."

https://www.bbb.org/us/tn/memphis/profile/diabetic-supplies/a1-diabetes-medical-supply-inc-0543-44071996/customer-reviews (last visited August 24, 2021).

26. Plaintiff is not, nor was, one of Defendant's customers or accountholders.

27. Plaintiff does not, nor did, have any business relationship with Defendant.

28. Plaintiff did not provide her cellular telephone number to Defendant.

5

29. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an artificial or prerecorded voice.

30. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

31. Defendant placed its calls to Plaintiff's cellular telephone number, and delivered artificial or prerecorded voice messages, voluntarily.

32. Defendant placed its calls to Plaintiff's cellular telephone number, and delivered artificial or prerecorded voice messages, under its own free will.

33. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

34. Plaintiff suffered actual harm as a result of Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it placed, absent prior express consent, and after being instructed not to do so, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> A. All persons and entities throughout the United States (1) to whom A1 Diabetes & Medical Supply, Inc. placed, or caused to be placed, a call directed to a number assigned to a cellular telephone service, but not assigned to an A1 Diabetes & Medical Supply, Inc. customer, (2) by using an artificial or prerecorded voice, (3) from four years preceding the date of this class action complaint through the date of class certification.

B. All persons and entities throughout the United States (1) to whom A1 Diabetes & Medical Supply, Inc. placed, or caused to be placed, a call directed to a number assigned to a cellular telephone service, (2) by using an artificial or prerecorded voice, (3) after the called party informed A1 Diabetes & Medical Supply, Inc. that the telephone number it called was a wrong or reassigned telephone number, or instructed A1 Diabetes & Medical Supply, Inc. to stop placing calls to the telephone number, (4) from four years preceding the date of this class action complaint through the date of class certification.

37. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

39. The exact numbers of the members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40. The classes are ascertainable because they are defined by reference to objective criteria.

41. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

42. Plaintiff's claims are typical of the claims of the members of the classes.

43. As it did for all members of the classes, Defendant used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

44. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as the claims of the members of

the classes.

46. Plaintiff suffered the same injuries as the members of the classes.

47. Plaintiff will fairly and adequately protect the interests of the members of the classes.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

49. Plaintiff will vigorously pursue the claims of the members of the classes.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

53. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

54. Issues of law and fact common to all members of the classes are:

   a. Defendant's violations of the TCPA;

   b. Defendant's use of an artificial or prerecorded voice,

   c. Defendant's conduct, pattern, and practice as it pertains to delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Defendant's conduct, pattern, and practice as it pertains to delivering artificial or prerecorded voice messages to cellular telephone numbers after having been instructed not to do so; and

   e. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

60. The damages suffered by individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the classes, without consent.

66. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the classes, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the classes under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the classes, by using an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: August 31, 2021

/s/ *Aaron D, Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
(512) 803-1578
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes